**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CR-1 (WLS-TQL) |
| | : | |
| JIMMY COLEMAN, JIM CARTER, | : | |
| JUSTIN THOMPSON, and BRITTANY | : | |
| BULLARD, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Previously, the Court granted (Doc. 64) Defendant Bullard's Unopposed Motion to Continue Trial (Doc. 60) and the Government's Unopposed Motion to Continue Trial as to all Defendants (Doc. 61). Soon after, Defendant Jim Carter had his initial appearance before United States Magistrate Judge Thomas Q. Langstaff. (Doc. 66). Therefore, the Court issues this Order, out of caution and for purpose of clarity, to notice Defendant Carter that the above-styled matter has been continued. *See e.g.*, *United States v. Schlei*, 122 F.3d 944, 985 (11 Cir. 1997) (citing 18 U.S.C. § 3161(h)(7)) (providing that a pretrial motion that tolled speedy trial clock under the Speedy Trial Act relating to one (1) defendant also tolled speedy trial clock for all co-defendants).[1]

Accordingly, as noted in its previous Order (Doc. 64), the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of all Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Thus, for good cause, the Court hereby **ORDERS** that the trial in the above-referend matter as to Defendant Carter be

---

[1] The Court notes that no Party has filed a motion to sever.

1

**CONTINUED** to the Valdosta Division August 2024 trial term beginning on August 5, 2024, and its conclusion, or as may otherwise be ordered by the Court. Additionally, the pretrial conference set for April 3, 2024, for the above-styled matter is **CANCELED**.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of injustice. 18 U.S.C. § 3161(h)(7)(B)(i).

**SO ORDERED**, this <u>1st</u> day of April, 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**